IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE SPITTAL,

    Plaintiff,                    No. CIV S-05-1157 MCE KJM PS

    vs.

BOBBI MONTOYA, et al.,         <u>ORDER</u>

    Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

          Defendants' motions to dismiss came on regularly for hearing October 19, 2006. George Spittal appeared in propria persona. Debora Luther appeared for the federal defendants. Justin Telford appeared for the school district defendants. Upon review of the motions and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

               This action arises out of a dispute plaintiff had with school district employees and the subsequent litigation pertaining to that dispute. In this action, plaintiff names as defendants Bobbie Montoya and McGregor Scott ("federal defendants"), as well as school district employees and the lawyers and law firm that represented them in the multiple actions plaintiff has brought against the school district and its employees ("school district defendants"). Pending before the court are the motions to dismiss brought by the federal and school district defendants.

1

Although plaintiff apparently is trying to bring a claim under 42 U.S.C. § 1983 and/or <u>Bivens v. Six Unknown Named DEA Agents</u>, 403 U.S. 388 (1970), the complaint falls far short of stating a claim.  Although the amended complaint and plaintiff's opposition are replete with denunciatory jeremiads that lend little clarity to a meaningful analysis, the gravamen of plaintiff's amended complaint appears to be directed to actions taken by defendants in defense of themselves and their clients in plaintiff's numerous other lawsuits brought in this court.  There are no colorable allegations that defendants deprived plaintiff of due process or otherwise subverted the judicial process.  Defendants' reliance on other decisions issued by duly authorized courts does not a First Amendment claim for plaintiff make.[1]  In the context of his other filings, plaintiff's filing of the instant lawsuit appears at best to reflect an unwillingness to accept the outcome of prior, full and fair proceedings, and at worst a form of harassment directed at those with whom he disagrees.  Neither basis justifies the present filing.

Accordingly, IT IS HEREBY ORDERED that this action is stayed pending resolution of the motions to dismiss; all hearing dates are vacated; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss be granted; and

2. This action be dismissed.

/////
/////
/////
/////
/////
/////

---

[1] The court hereby takes judicial notice under Federal Rule of Evidence 201 of the court files and documents filed therein of the other actions filed by plaintiff in this court as set forth in the school district defendants' brief in support of their motion to dismiss, filed September 8, 2005, at footnote 1.  <u>See</u> docket no. 18.

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
3 after being served with these findings and recommendations, any party may file written objections
4 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
5 to Findings and Recommendations."  Any reply to the objections shall be served and filed within
6 ten days after service of the objections.  The parties are advised that failure to file objections
7 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
8 Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2005.

                                                       _____
                                                        UNITED STATES MAGISTRATE JUDGE

spittal.57